# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7898 PA (PLAx) | Date | November 3, 2017 |
|---|---|---|---|
| Title | Geraldine Policarpio v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on October 27, 2017, by Wells Fargo Bank, N.A. ("Defendant"). Defendant asserts that the Court has jurisdiction over this action based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Geraldine Policarpio ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332. To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In an effort to establish Plaintiff's citizenship, the Notice of Removal asserts the following:

> Plaintiff is a citizen of California based on domicile, as she alleges
> residency in and ownership of that certain parcel of real property located in

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7898 PA (PLAx) | Date | November 3, 2017 |
|---|---|---|---|
| Title | Geraldine Policarpio v. Wells Fargo Bank, N.A., et al. | | |

Los Angeles County and commonly known as 10901 Gloria Ave., Granada Hills, California 91344 (the "Property").

(Notice of Removal 2 (citing Complaint, ¶¶ 1, 6.).) These are the only factual allegations provided by Defendant to support Plaintiff's citizenship. (See id. at 2–3, 7.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. In this case, Defendant has not affirmatively alleged Plaintiff's actual citizenship. Because an individual is not necessarily domiciled where she resides, and ownership of real property likewise does not establish domicile, Defendant's allegations are insufficient to establish that Plaintiff is a California citizen or the existence of complete diversity.

Accordingly, Defendant has failed to meet its burden to demonstrate that this Court has subject matter jurisdiction over this action. The Court remands this action to Los Angeles County Superior Court, Case No. PC058017. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss [Docket No. 7] is denied as moot.

IT IS SO ORDERED.